UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| DARRIN KATZ, <br> ON BEHALF OF HIMSELF AND <br> ALL OTHISS SIMILARLY SITUATED, <br><br> Plaintiff, <br> v <br><br> CAVALRY PORTFOLIO SERVICES, LLC, <br> CAVALRY SPV I, LLC, JOHN DOE 1-10, <br> THE OWNERS OF <br> CAVALRY PORTFOLIO SERVICES, LLC AND <br> CAVALRY SPV I, LLC, AND JOHN DOE 1-10, <br> THE OWNERS OF THE DEBT, <br><br> Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Darrin Katz [hereinafter "Katz"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Cavalry Portfolio Services, LLC (hereinafter "CPS"), Cavalry SPV I, LLC (hereinafter "CSI"), John Doe 1-10, the owner of CPS and CSI, and John Doe 1-10, the owner of the debt, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on CPS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue

from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Katz is a natural person who resides at 177 43rd Street, Lindenhurst, NY 11757.

6. Katz is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 4, 2018, CPS sent Katz the letter annexed as Exhibit A. Katz received and read Exhibit A. For the reasons set forth below, Katz's receipt and reading of Exhibit A deprived Katz of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, CPS sent Exhibit A to Katz in an attempt to collect a past due debt.

9. Per Exhibit A, the past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a Walmart credit card account by Synchrony Bank for his individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. CPS attempted to collect this past due debt from Katz in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. CPS is a Delaware Limited Liability Corporation and a New York Foreign Limited Liability

Corporation located in New York State in the County of Westchester in Valhalla, NY.

11. Based upon Exhibit A and upon CPS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CPS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, CPS identifies itself as a "debt collector" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

15. CSI wholly owns one or more subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, CSI directs and/or requires and/or allows CSI's wholly owned "debt collectors" subsidiaries to carry out collection efforts on CSI's behalf and for the sole benefit of CSI; CSI always possesses the beneficial interests in the collection accounts which CSI's wholly owned "debt collectors" attempt to

collect.

16. Based on the above, the principal purpose of CSI is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

17. Based on the above, CSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. CPS is a wholly owned subsidiary of CSI.

19. Upon information and belief, CSI, a "debt collector", directs and/or requires and/or allows CSI's wholly owned subsidiaries such as CPS to carry out collection efforts on CSI's behalf and for the sole benefit of CSI; CSI always possesses the beneficial interests in the collection accounts which CPS attempts to collect; and CSI directly actively participates in and/or controls and/or supervises the debt collection efforts of CPS. For the above reasons, CSI is vicariously liable for the actions of CPS.

20. All the actions alleged in this Complaint taken by CPS were taken by CPS as an agent of or "debt collector" for the "debt collector" CSI.

21. Based on the allegations in the above three paragraphs, CSI is vicariously liable for the actions of CPS set forth in this Complaint.

22. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly

includes "corporations" and "companies". See 1 USC 1.

23. John Doe 1-10, the owner of CPS and CSI, wholly owns one or more subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, John Doe 1-10, the owner of CPS and CSI, directs and/or requires and/or allows John Doe 1-10, the owner of CPS and CSI's wholly owned "debt collectors" subsidiaries to carry out collection efforts on John Doe 1-10, the owner of CPS and CSI's behalf and for the sole benefit of John Doe 1-10, the owner of CPS and CSI; John Doe 1-10, the owner of CPS and CSI, always possesses the beneficial interests in the collection accounts which John Doe 1-10, the owner of CPS and CSI's wholly owned "debt collectors" attempt to collect.

24. Based on the above, the principal purpose of John Doe 1-10, the owner of CPS and CSI, is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

25. Based on the above, John Doe 1-10, the owner of CPS and CSI, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. CPS is a wholly owned subsidiary of John Doe 1-10, the owner of CPS and CSI,.

27. Upon information and belief, John Doe 1-10, the owner of CPS and CSI, a "debt collector", directs and/or requires and/or allows John Doe 1-10, the owner of CPS and CSI's wholly owned subsidiaries such as CPS to carry out collection efforts on John Doe 1-10, the owner of CPS and CSI's behalf and for the sole benefit of John Doe 1-10, the owner of CPS and CSI; John Doe 1-10, the owner of CPS and CSI, always possesses the beneficial interests in the collection accounts which CPS attempts to collect; and John Doe 1-10, the owner of CPS and CSI, directly actively participates in and/or controls and/or supervises the debt collection

efforts of CPS. For the above reasons, John Doe 1-10, the owner of CPS and CSI, is vicariously liable for the actions of CPS.

28. All the actions alleged in this Complaint taken by CPS were taken by CPS as an agent of or "debt collector" for the "debt collector" John Doe 1-10, the owner of CPS and CSI.

29. Based on the allegations in the above three paragraphs, John Doe 1-10, the owner of CPS and CSI, is vicariously liable for the actions of CPS set forth in this Complaint.

30. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

31. John Doe 1-10, the owner of the debt, wholly owns one or more subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Upon information and belief, John Doe 1-10, the owner of the debt, directs and/or requires and/or allows John Doe 1-10, the owner of the debt's wholly owned "debt collectors" subsidiaries to carry out collection efforts on John Doe 1-10, the owner of the debt's behalf and for the sole benefit of John Doe 1-10, the owner of the debt; John Doe 1-10, the owner of the debt, always possesses the beneficial interests in the collection accounts which John Doe 1-10, the owner of the debt's wholly owned "debt collectors" attempt to collect.

32. Based on the above, the principal purpose of John Doe 1-10, the owner of the debt, is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due to another.

33. Based on the above, John Doe 1-10, the owner of the debt, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. CPS is a wholly owned subsidiary of John Doe 1-10, the owner of the debt.

35. Upon information and belief, John Doe 1-10, the owner of the debt, a "debt collector", directs and/or requires and/or allows John Doe 1-10, the owner of the debt's wholly owned subsidiaries such as CPS to carry out collection efforts on John Doe 1-10, the owner of the debt's behalf and for the sole benefit of John Doe 1-10, the owner of the debt; John Doe 1-10, the owner of the debt, always possesses the beneficial interests in the collection accounts which CPS attempts to collect; and John Doe 1-10, the owner of the debt, directly actively participates in and/or controls and/or supervises the debt collection efforts of CPS. For the above reasons, John Doe 1-10, the owner of the debt, is vicariously liable for the actions of CPS.

36. All the actions alleged in this Complaint taken by CPS were taken by CPS as an agent of or "debt collector" for the "debt collector" John Doe 1-10, the owner of the debt.

37. Based on the allegations in the above three paragraphs, John Doe 1-10, the owner of the debt, is vicariously liable for the actions of CPS set forth in this Complaint.

## FIRST CAUSE OF ACTION-CLASS CLAIM

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-37 of this Complaint.

39. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is owed or on whose behalf CPS was attempting to collect the alleged debt.

40. Based on the above, Defendants violated 15 USC 1692e, and 15 USC 1692e(10) as a result of CPS sending Exhibit A to Katz.

## SECOND CAUSE OF ACTION-CLASS CLAIM

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-37 of this Complaint.

42. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

44. The class consist of (a) all natural persons (b) who received a letter from CPS dated between January 4, 2017 and the present to collect an alleged past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

45. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

47. The predominant common question is whether Defendant's letters violate the FDCPA.

48. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

49. A class action is the superior means of adjudicating this dispute.

50. Individual cases are not economically feasible.

**WHISEFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:     January 4, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107